UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRISTIAN HARRIS,

        Petitioner,

-vs-                   Case No.  8:10-cv-1035-T-33MAP

SECRETARY, DEPT. OF CORRECTIONS,

        Respondent.
_____/

## ORDER

    This cause is before the Court on pro se Petitioner Kristian Harris's timely-filed 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. 1).  The petition attacks Harris's judgment following revocation of probation rendered in the Tenth Judicial Circuit, Polk County, Florida, in state circuit case numbers CF-04-3889-XX and CF-04-5957-XX. A review of the record demonstrates that, for the following reasons, the petition must be **denied.**

## PROCEDURAL BACKGROUND

    On November 30, 2004, Harris was placed on forty months probation for the following offenses: in Case No. CF-04- 3889, driving while license revoked (habitual offender), carrying a concealed firearm, possession of cannabis with intent to sell, and felony fleeing or attempting to elude; in Case No. CF-04-5947, driving while license revoked (habitual offender). (Exh 29: R 77- 85).[1] On October 10, 2005, the Department of Corrections filed an affidavit of violation of probation alleging Harris violated condition four of his probation by committing the criminal offenses of burglary with assault or battery and attempted murder. (Exh 29: R 94). A violation

---

[1] The one-volume record in the appeal from the order revoking probation in both cases is attached to Document 9 as Respondent's Exhibit 29.

hearing was held on December 16, 2005, before the Honorable Roger A. Alcott, Circuit Judge. (Exh 29: R 98-179). The trial court heard the testimony of the victim of the assault and attempted murder, and the testimony of Petitioner Harris.

The trial court found that Harris willfully and substantially violated his probation by committing a burglary with an assault (but not attempted murder). (Exh 29: R 170). The court also found that the victim's testimony was credible and was corroborated by photographs and other evidence. (Exh 29: R 171). On December 16, 2005, the court revoked Harris's probation and sentenced him on all the felony counts in Case No. CF04-3889 to concurrent terms of five years in prison. The court sentenced Harris to a five-year prison term in Case No. CF04-5947, consecutive to Case No. CR04-3889. (Exh 29: R 180-186).

## STANDARD OF REVIEW

Harris's petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). AEDPA affects this Court's review of both factual findings and legal rulings entered by the state courts in the rejection of Harris's federal claims. This court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id. Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

## DISCUSSION

Given that Harris has not challenged Respondent's statement of the procedural history of this case, a recitation of the procedural history of Harris's criminal conviction is unnecessary. The issues are fully briefed and the case is ripe for decision. The record is fully developed and the claims of the petition raise issues of law, not issues of fact. *See Breedlove v. Moore*, 279 F.3d 952, 959 (11th Cir. 2002).

Because of the deference due the state court's findings of fact and conclusions of law, the state courts' determination of Harris's claims largely governs review of those same claims. Consequently, in considering the reasonableness of the state courts' determinations, the review of Harris's claims includes a recitation of the pertinent state court analysis.

## HARRIS'S ONE GROUND FOR RELIEF

Harris raises one ground for relief in the present petition. He claims that the state court improperly rejected his newly discovered evidence claim.

The denial of that claim was based on Harris's failure to meet the standard for newly discovered evidence under Florida law. In its order denying relief, the state court rejected Harris's newly discovered evidence claim for the following reasons:

> As he did in his previous motion, in his instant Motion the Defendant asserts that he was unable to present the testimony of Michael and David Jackson at his violation of probation (VOP) hearing since those witnesses were refusing to speak to his trial counsel or were otherwise unavailable at his VOP hearing due to their claim of a 5th Amendment privilege. The Defendant was found to have violated his probation, in the above captioned cases, by failing to live and remain at liberty without violating any law by committing a criminal offense (a new law violation). (See attachments) The Defendant asserts that he was subsequently acquitted of the new law violation based in part on the testimony of the witnesses he alleges were unavailable at his VOP hearing.

In the instant Motion, the Defendant has attached what are purported to be affidavits of Michael and David Jackson. In both affidavits the Jacksons indicate they were unavailable to testify at the Defendant's VOP hearing. These affidavits present no detail of what their testimony at any hearing might be other than to state the [sic] simply that the Defendant "did not commit, or assist in furtherance of any criminal conduct in Cs. #CF-05-7876." David Jackson does go on to add that "I ultimately accepted responsibility in the incident vindicating Harris in the charges which caused his 'violation' and 'revocation' of probation." In addition to the affidavits, the Defendant, at pages 6 and 7 of his Motion, further outlines the expected testimony of Michael and David Jackson. The Defendant indicates that the substance of their testimony would be that the Defendant's only involvement with any attack upon the victim in this matter was to attempt to disarm the victim of a broom stick. Although the Defendant's Motion is somewhat short on detail as to what Michael and David Jackson's testimony might be, the Court will assume for purposes of the Defendant's Motion that it would, for all intent and purposes, mirror the Defendant's testimony at his VOP hearing. (See transcript, attached, p. 55-68)

As stated in *State v. Spaziano*, 692 So. 2d 174, 177 (Fla. 1977), reversed on other grounds, *Spaziano v. Seminole County*, 726 So. 2d 772 (Fla. 1999):

In order to prevail on a claim of newly discovered evidence, the defendant must prove:

1. The evidence has been discovered since the former trial;

2. The evidence could not have been discovered earlier through the exercise of due diligence;

3. The evidence is material to the issue;

4. The evidence goes to the merits of the case and not merely impeachment of the character of the witness;

5. The evidence must not be merely cumulative; and

6. The evidence must be such that it would probably produce a different result on retrial.

As this Court has pointed out in a prior order on this matter, the issue before this Court is not whether the Defendant was acquitted of the new law violation at a trial employing a beyond a reasonable doubt standard, but whether there is newly discovered evidence that probably would have led to a different result at a VOP hearing employing a preponderance of the evidence standard.

> In this sense, the Defendant's acquittal of the new law violation is not determinative of the issue before this Court.
>
> The Court's review of the transcript of the Defendant's VOP hearing, attached, indicates the Defendant's testimony was clearly at odds with that of the victim, Rikki Davis. The only two witnesses who testified at the VOP hearing who were present during the incident in question were the victim and the Defendant. At the conclusion of the hearing the trial judge stated that "I am going to find that he has willfully and substantially violated the terms of his probation based upon the credibility which I find of the victim, Rikki Davis as collaborated by the photographs and other evidence." (See transcript, p. 73 and 74, line 2) Consequently, it is clear to this Court that the VOP hearing judge found the testimony of the victim more credible than that of the Defendant. The proffered testimony of Michael and David Jackson, since it is the testimony of co-defendant's who are now clearly supportive of the Defendant and who's [sic] testimony would be somewhat cumulative, is not of such a nature as to likely add to the credibility of the Defendant's testimony. Additionally, the court finds it noteworthy that the same court that found the Defendant had violated his probation denied a Motion to Mitigate or Modify Sentence, which Motion argued essentially the same points as presented by the Defendant in the instant Motion, to include a summary of the testimony of Michael and David Jackson. (See attachments) Based on the above, this Court cannot find that there is a reasonable probability the trial court's finding of a violation of probation would have been different had it heard testimony from Michael and David Jackson. [See *Strickland v. Washington*, 466 U.S. 688 (1984)]

Exhibit 25: Order Denying Defendant's [Refiled] Amended Post Conviction Relief Motion at pages 1-3. The trial court correctly noted in its order striking the original amended motion:

> The Court would point out that the standard for finding a new law violation at a VOP hearing is whether a preponderance of the evidence establishes that the probationer committed the charged offense or offenses. [*See Reyes v. State*, 711 So.2d 1378, 1378 (Fla. 2d DCA 1998); *Amador v. State*, 713 So. 2d 1121, 1122 (Fla. 3d DCA 1998)] "Proof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking" probation. [*See Robinson v. State*, 609 So.2d 89, 90 (Fla. 1st DCA 1992)] The issue before this Court is not whether the Defendant was acquitted of the new law violation at a trial employing a beyond a reasonable doubt standard, but whether there is newly discovered evidence that probably would have led to a different result at a VOP hearing employing a preponderance of the evidence standard. In this sense, the Defendant's acquittal of the new law violation is not determinative of the issue before this Court. Thus, conclusory statement's [sic] concerning the fact that a witnesses' [sic] testimony led to the Defendant's acquittal at his trial on the new

law violation are of little value in establishing a prima facie case in the matter before this Court.

Exhibit 23: Order Striking Defendant's Amended Post Conviction Relief Motion at p. 2.

In *Clark v. State*, 35 So.3d 880 (Fla. 2010), the Florida Supreme Court recently reiterated the factors to be considered in ruling on a newly discovered evidence allegation:

> This Court has held that two requirements must be met in order for a conviction to be set aside on the basis of newly discovered evidence: (1) to be considered newly discovered, the asserted evidence must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that the defendant or defense counsel could not have known of it by the use of due diligence; and (2) the newly discovered evidence must be of such a nature that it would probably produce an acquittal on retrial. *Jones v. State*, 709 So.2d 512, 521 (Fla. 1998). To reach the latter conclusion, the trial court is required to consider all newly discovered evidence that would be admissible at trial and then evaluate the weight of both the newly discovered evidence and the evidence that was introduced at trial. *Id.*

*Clark*, 35 So.3d at 891-892.

In Harris's case, the postconviction court followed Florida precedent in concluding that even if the testimony of the Jacksons had been admitted at Harris's revocation hearing, it probably would not have led to a different result because the violation hearing employs a preponderance of the evidence standard.

Whether the state postconviction court properly rejected Harris's newly discovered evidence claim, as well as the underlying issue of whether Harris willfully and substantially violated the conditions of probation, are state law matters which are not cognizable in this federal proceeding. Whether Harris's conduct was "willful" is both a question of fact and a matter of state law not cognizable on federal review. *Miller v. Secretary*, 2010 WL 2366935, 3 (M.D. June 11, 2010)(Slip Copy). "Questions of state law rarely raise issues of federal constitutional significance, because 'a state's interpretation of its own laws provides no basis

for federal habeas corpus relief, since no question of a constitutional nature is involved.'" *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105 (1992) (quoting *Carrizales v. Wainwright*, 699 F.2d 1053, 1053-54 (11th Cir. 1983)).

This Court does not have subject matter jurisdiction to address Harris's state law based contentions. Federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures. *See Johnson v. Singletary*, 883 F.Supp. 1535, 1542 (M.D. 1995); *Branan v. Booth*, 861 F.2d 1507 (11th Cir. 1988). The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce state-created rights. *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000).

Even if Harris's claim was a federal constitutional claim, he would not be entitled to relief from this Court. Harris's federal petition is governed by the AEDPA, *Lindh v. Murphy*, 521 U.S. 320, 336 2059 (1997), which "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Resolution of Harris's newly discovered evidence claim in the state court was dependent upon the effect the testimony of Michael and David Jackson would have had on Harris's revocation of probation proceeding. To answer this question, the state postconviction court reviewed the testimony and other evidence adduced at the revocation hearing, as well as the proposed testimony of the two Jackson witnesses.

At the violation of probation hearing, the trial court found the assault victim's testimony regarding Harris's role in the attack more credible than Harris's. This finding is entitled to deference. The federal courts are in accord with the principle that the factfinder's credibility

determinations are not to be disturbed. Even where there is some conflict in the evidence, credibility determinations are within the province of the factfinder. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985) (special deference is due where a trial court's findings are based on the credibility of witnesses, "for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said"); *Inwood Lab., Inc. v. Ives Lab., Inc.*, 456 U.S. 844, 856 (1982) ("Determining the weight and credibility of the evidence is the special province of the trier of fact."); *United States v. Pineiro*, 389 F.3d 1359, 1366 (11th Cir.2004) ("Such a credibility finding is within the province of the factfinder.").

In *Brown v. Secretary, Dept. of Corrections*, 2009 WL 4349320 (M.D. Fla. Nov. 29, 2009), this Court reiterated that the state court's credibility findings are binding on the federal courts in a § 2254 proceeding, In *Brown*, this Court held:

> Brown fails to satisfy his burden, required by AEDPA, to show that the state court determination is contrary to or an unreasonable application of governing federal law as determined by the Supreme Court. Brown may not obtain federal habeas corpus relief merely because he asserts that the trial court should have accorded greater weight to the testimony of a defense witness than to a witness for the State. The state court's credibility determination (that the defense's expert witness was not credible compared to both the State's expert witness and the court's appointed expert witness) and the factual determination (Brown's IQ score) bind this court. Federal jurisprudence is in accord with the Florida supreme court's deference to the judge who heard the witnesses testify. *Baldwin v. Johnson*, 152 F.3d 1304, 1316 (11th Cir. 1998) ("We must accept the state court's credibility determination and thus credit [counsel's] testimony over [Harris's]."), *cert. denied*, 526 U.S. 1047, 119 S.Ct. 1350, 143 L.Ed.2d 512 (1999), and *Devier v. Zant*, 3 F.3d 1445, 1456 (11th Cir. 1993) ("Findings by the state court concerning historical facts and assessments of witness credibility are, however, entitled to the same presumption accorded findings of fact under 28 U.S.C. § 2254(d)."), *cert. denied*, 513 U.S. 1161, 115 S.Ct. 1125, 130 L.Ed.2d 1087 (1995). See also 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

*Brown*, 2009 WL 4349320 at *17.

The state postconviction court reasonably concluded that in light of the trial court's credibility finding regarding Harris's involvement in the assault, along with corroborating evidence adduced at the hearing, it is unlikely that the result of the violation of probation hearing would have been different had Michael and David Jackson testified. Harris has failed to rebut the presumption of correctness by clear and convincing evidence. A factual finding by a state court is presumed to be correct, and Harris must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson v. Haley*, 353 F.3d 880, 890-91 (11th Cir. 2003). Also, Harris has not cited United States Supreme Court precedent that supports his position. Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. *Mitchell v. Esparza*, 540 U.S. 12 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308-10 (11th Cir. 2003). In Harris's case, the state court decision is objectively reasonable and is entitled to deference under the AEDPA. Thus, Harris's newly discovered evidence claim must be denied.

Accordingly, the Court orders:

That Harris's petition is denied. The Clerk is directed to enter judgment against Harris and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner

has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis. Petitioner is assessed the full $455.00 filing fee unless the United States Court of Appeals grants Petitioner leave to proceed on appeal in forma pauperis.

ORDERED at Tampa, Florida, on October 29, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Kristian Harris